```
 1 │ THE SUNTAG LAW FIRM
   │ A Professional Corporation
 2 │ DANA A. SUNTAG (California State Bar No. 125127)
   │ LORIS L. BAKKEN (California State Bar No. 215033)
 3 │ The Kress Building
   │ 20 North Sutter Street, Fourth Floor
 4 │ Stockton, California  95202
   │ Telephone: (209) 943-2004
 5 │ Facsimile:   (209) 943-0905
   │
 6 │ Attorneys for Chapter 7 Trustee
   │ GEOFFREY RICHARDS
 7 │
 8 │              UNITED STATES BANKRUPTCY COURT
 9 │              EASTERN DISTRICT OF CALIFORNIA
10 │
   │ IN RE:                        )   NO: 09-31872-C-7
11 │                               )
   │                               )   DC No.: SLF 2
12 │ LINDA L. BEDROSIAN-WHEELER,   )
   │                               )   CHAPTER 7 TRUSTEE
13 │         Debtor.               )   GEOFFREY RICHARDS' VERIFIED
   │                               )   APPLICATION FOR ORDER
14 │                               )   AUTHORIZING EMPLOYMENT OF
   │                               )   ASSET RECOVERY SPECIALIST
15 │                               )   JAY BLOCKSOM OF BLOCKSOM &
   │                               )   BLOCKSOM, LLC
16 │                               )
   │                               )   Date: January 7, 2014
17 │                               )   Time:  9:30 a.m.
   │                               )   Place: Department C
18 │ _____)   The Honorable Christopher M. Klein
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
```

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST     1

1　　　　Chapter 7 Trustee Geoffrey Richards seeks authorization to employ asset
2　recovery specialist Jay Blocksom, of Blocksom & Blocksom LLC, who is assisting the Trustee in
3　locating and recovering undisclosed probate funds that are property of the estate.
4　　　　Mr. Richards respectfully represents as follows:
5　　　　1.　　The Debtor filed this case on June 10, 2009, and Geoffrey Richards was
6　appointed as the Trustee. On October 6, 2009, this case was closed.
7　　　　2.　　In late October 2013, Mr. Blocksom sent an email to Mr. Richards stating
8　that he had conducted an investigation that revealed an undisclosed governmental agency was
9　holding $246,906.69 of funds that he believed are property of the estate in this case.
10　Mr. Blocksom's email stated that he would assist Mr. Richards in recovering the funds, and that
11　under his standard agreement for these types of matters he receives 25 percent of the gross
12　recovery. (Ex. A).
13　　　　3.　　In response, Mr. Richards telephoned Mr. Blocksom to make further inquiry
14　about the facts and the funds. He also inquired as to which agency was holding the funds and
15　why they were holding the funds. Mr. Blocksom was willing to provide this information based on
16　a reasonable assurance that he would be compensated for the work he had done to discover
17　the asset and report it to Mr. Richards.
18　　　　4.　　Mr. Blocksom then provided to Mr. Richards' counsel a page from the
19　Placer County Treasurer – Tax Collector website, which confirms the County is holding
20　$246,906.69 in unclaimed funds from the estate of Thelma Louise Bedrosian (the "Probate
21　Funds"), and that Debtor Linda Bedrosian-Wheeler is the heir to the Probate Funds. (Ex. B).
22　　　　5.　　Mr. Richards asked Mr. Blocksom for additional information to confirm that
23　the Linda Bedrosian-Wheeler identified on the Placer County Treasurer – Tax Collector website
24　is the same as person as the Debtor. Mr. Blocksom provided the information, which showed
25　Debtor Linda Bedrosian-Wheeler is the beneficiary of the probate estate of Thelma Louise
26

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST　　　2

1 Bedrosian, who died on April 18, 2009, before the Debtor filed this case. (Ex. C). The Debtor did not identify her interest in her mother's estate on her schedules.

6. On November 14, 2013, the Court granted the U.S. Trustee's motion to reopen the case for the purpose of administering the Probate Funds. (Docket No. 27). Mr. Richards was reappointed trustee in the reopened case. (Docket No. 28).

7. Mr. Richards is taking steps to recover the Probate funds from the Placer County Treasurer – Tax Collector.

8. Mr. Richards wishes to employ Mr. Blocksom so that he may be compensated for his work in locating the Probate Funds and providing information to Mr. Richards so that Mr. Richards can attempt to recover the Probate Funds.

9. Mr. Blocksom's proposed fee is 25 percent of the gross recovery of the Probate Funds, subject to approval by the Bankruptcy Court. If there is no recovery, Mr. Blocksom will not receive any fees. Mr. Blocksom will be responsible for all costs he incurs. (Blocksom Decl., ¶ 2).

10. Mr. Blocksom formed Blocksom & Blocksom LLC in 2009 as an asset recovery firm. Mr. Blocksom has substantial experience in auditing county, state, federal and corporate entities to locate unclaimed assets and monies and recover them. Mr. Blocksom reviews public records, court documents, deeds, wills, bankruptcy filings, obituaries, and databases to locate unclaimed funds and potential claimants. (Blocksom Decl., ¶ 3, Ex. D).

11. If it were not for the work that Mr. Blocksom did in locating the Probate Funds and advising Mr. Richards about them, the estate would not have known about the Probate Funds and therefore would not be able to recover the Probate Funds.

12. Mr. Richards believes that employing Mr. Blocksom is in the best interest of the estate and that the Court should approve it.

13. Bankruptcy Code Section 327(a) authorizes the Trustee, with Court approval, to employ a professional to assist the trustee in carrying out his duties if such

professional does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such professional is to be employed.

14.　Mr. Blocksom has not been retained for any prepetition services on behalf of the Debtor or the Trustee, and he has not received retainers or advanced fees. (Blocksom Decl., ¶ 4).

15.　Mr. Blocksom does not hold any interest adverse to the Debtor or to the estate and:

(i)　is not a creditor, an equity security holder, or an insider of the Debtor;

(ii)　is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

(iii)　does not have an interest materially adverse to the interest of Trustee, the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or Trustee; and

(iv)　does not have any connection with the Debtor, Trustee, the United States Trustee, or any person employed in the Office of the United States Trustee. (Blocksom Decl., ¶ 5).

WHEREFORE, Mr. Richards respectfully requests that the Court authorize him to employ Mr. Blocksom according to the terms in this application and that it grant such other and further relief as is appropriate.

Dated: December 9, 2013　　　　　　　　THE SUNTAG LAW FIRM
　　　　　　　　　　　　　　　　　　　　A Professional Corporation


BY:　/s/ Loris L. Bakken
　　　LORIS L. BAKKEN
　　　Attorneys for Chapter 7 Trustee
　　　GEOFFREY RICHARDS

Filed 12/10/13　　　Case 09-31872　　　Doc 37

## VERIFICATION

1. I, GEOFFREY RICHARDS, am the Trustee in this case. I have read the above application and verified its accuracy and I approve it.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on December 6, 2013, at Orinda, California.


GEOFFREY RICHARDS

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST　　5